*J. T. Morehead* for plaintiff.

ROUNTREE, &c.
*vs*
HENDRICK'S AD-
MINISTRATOR.

But the debtor
may still elect to
keep the proper-
ty so levied on,
by tendering oth-
er property in
lieu thereof, e-
qual in vendible
value to that first
taken, or suffi-
cient to satisfy
the execution, or
all the property
of the debtor
subject to the ex-
ecution in case
the debtors elec-
tion had been
made before the
levy.

---

# Rountree, &c. *vs* Hendrick's adm'r.

ERROR TO THE EDMONSON CIRCUIT.

*Pleas and pleading. Obligation. Notice. Cancelment
of obligation.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS was an action of debt, brought by Hendrick's
administrator against Rountree and Crump. The intro-
ductory part of the declaration demands $1500: but the
only cause of action, set up in the declaratory part, arises
on a writing obligatory, alleged to have been executed by
the defendants to Hendrick, (and of which profert is
made,) binding them to pay to Hendrick $800, in three
years, subject however to the condition that it was not to

DEBT,

*Case 59,*

*April 13.*

The case stated.

BMonroe
1bm189
119 540

ROUNTREE, &c.
*vs*
HENDRICK'S AD-
MINISTRATOR.

be paid until Hendrick either procured a relinquishment of his wife's dower in six tracts of land, conveyed by him to Rountree, or executed to him a bond, indemnifying him against her claim of dower forever. The declaration avers that, on the —— day of ——— Hendrick's wife departed this life, and that Hendrick, in his life time, and the plaintiff, since his death, were released and discharged from the force and effect of this condition, and the said writing obligatory, became single and absolute, and unconditional, of which the defendants had due notice. A demurrer to this declaration was overruled, and the defendants having, thereupon, filed five pleas, the third, fourth, and fifth were adjudged bad, on demurrer—issue was joined on the first, which denied that the plaintiff was administrator, and on the second, which denied the death of Mrs. Hendrick before the suit was commenced, and a verdict and judgment were rendered for the plaintiff.

Pleas filed after demurrer to declaration overruled, waives the demurrer, & error in overruling it cannot be relied on here.

The only objections made to the judgment, by the assignment of errors are, that the Court erred in overruling the demurrer to the declaration, and in sustaining the demurrer to the pleas, and that there were only eleven jurors. The last objection, even if true, which upon inspection of the record we are inclined to doubt, being made in this Court for the first time, cannot be regarded as a ground of reversal; and as the pleas were filed after the demurrer to the declaration was overruled, the defendants must be considered as having virtually withdrawn the demurrer, and waived any error which may have been committed in the decision upon it. Nor is there, in strictness, any assignment of error which would properly bring the question, as to the sufficiency of the declaration, before this Court. But as that was obviously the question intended to be presented by the assignment of error, in overruling the demurrer, we should, perhaps, look to the sufficiency of the declaration, not as upon demurrer, but as upon a motion in arrest of judgment. Considering the declaration under this aspect, we are of opinion that it is substantially good.

Variance in the amount of sum demanded in the

The difference between the sum demanded, as the debt sued for, and the sum shown to be due in the body of

the declaration, constitutes a formal objection only, which would not be available on general demurrer. It is admitted, and properly, that the death of Mrs. Hendrick, during the life of her husband, discharged or rendered null the condition on which the payment of the money depended; and although the declaration does not explicitly state that she died before her husband, it substantially states, that by her death her husband, in his lifetime, was released from the condition, &c. and if this be true, she must have died before him. So that her death, in his life time, is necessarily and plainly implied by the statement made in the declaration; and while we are not sure that this should not be deemed sufficient, upon demurrer, we are satisfied that it is so upon a motion in arrest, after plea and verdict.

The averment of due notice is also sufficient, after verdict. But we are of opinion that the Court erred in sustaining the demurrer to the third and fifth pleas.

The third plea denies that the defendants had notice of Mrs. Hendrick's death before the commencement of this suit, which includes, of course, a denial of notice that she died in the lifetime of her husband. If this contingency had been mentioned in the writing obligatory, as one of the conditions upon which the payment of the money depended, the defendants might have been bound to take notice of it, and might have been liable to pay upon its happening, and to be sued for non-payment, without the necessity, on the part of the plaintiff, of either averring or proving their knowledge of the event, by a direct notice or otherwise. But as the contingency of the wife's death, before that of her husband, was not referred to in the writing obligatory, but is wholly collateral and extraneous, the defendants were not bound to look to it or to take notice of its happening; and they cannot, as we think, be considered as becoming liable to pay, by reason of this collateral fact, or as being in default for non-payment upon its happening, unless they have knowledge of it, either actual or imputed. Not being bound to look to or notice the fact, as one affecting their obligation, a knowledge of its happening cannot be imputed to them; and they could only become liable in consequence

ROUNTREE, &c.
vs
HENDRICK'S ADMINISTRATOR.

commencement of declaration & that claimed in the body thereof, not available on general demurrer.

Covenant to pay $800 in 3 years, but on condition that pl'tf. procures his wife's relinquishment of dower to certain lands conveyed to def't. wife dies, the covenant becomes thereby absolute, and averment of *due notice* thereof to def't. & of pl'f's release from the condition, is sufficient after verdict.

Def't. not bound to notice an extraneous fact (not named in the obligation) whereby his conditional contract becomes absolute, notice must be averred, and if denied, proved, to authorize a recovery—Plea denying such notice good bar to the action.

ROUNTREE, &c.
         vs
HENDRICK'S AD-
MINISTRATOR.

of the fact, by having actual knowledge of the fact, which actual knowledge must have existed before the commencement of the suit, or they were not guilty of a breach of contract before that time; it may be added that the event referred to was obviously more immediately within the knowledge of Hendrick and his administrator than of the defendants. But this circumstance is not very material, for if the defendants were guilty of no breach of their contract, without actual knowledge of the death of Mrs. Hendrick, in her husband's life time, such knowledge was a material fact, essential to the recovery in this action. The affirmance of it was, therefore, a substantial requisite of the declaration, and is a substantial ground of defence.

Plea "that be-
fore the three
years mention-
ed in the writing
obligatory sued
on had elapsed,
it was delivered
to the def'ts. or
one of them, and
cancelled," and
stating    other
facts which, tho'
they do not strict-
ly show an ac-
cord and satis-
faction, or a suf-
ficient consider-
ation for the sur-
render  of the
writing, yet if it
was actually sur-
rendered is good
and the action
gone.

The fifth plea, though apparently intended as a plea of award and satisfaction, substantially states, that before the three years named in the writing sued on, had elapsed, it was delivered to the defendants, or one of them, and cancelled, and states other facts which, though they may not show strictly, an accord and satisfaction, or not show a sufficient consideration for delivering up the writing; and if, as alleged, this was actually done, the right of action upon that writing, is certainly gone. It would seem to have been more appropriate for the defendants to have craved oyer of the writing sued on, by which, if the facts stated in their plea be true, they might have defeated the action at once. But as the facts stated in the plea show that the plaintiff had no right to sue at law upon the writing, when he commenced this suit, and could have none at any time afterwards, we think it constituted a good bar to the action, and should have been so adjudged.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the plaintiff's demurrer to the third and fifth pleas, and for further proceedings.

*C. S. Morehead* for plaintiff.